THE STATE ex rel. W. M. JACKSON, et al., Judges of County Court of Howard County, v. GEORGE E. HACK-MAN, State Auditor.

In Banc, March 3, 1923.

ROAD BONDS: By Townships. The proper construction of that part of Section 10751, Revised Statutes 1919, relating to the issuance of road bonds by townships, is that a township wholly or partly within a special road district has no power to issue bonds for road purposes.

*Mandamus.*

PRELIMINARY RULE DISCHARGED.

*Jasper Thompson* and *John Cosgrove* for relators.

The courts will, in construing the above statute, take into consideration the intention of the Legislature and the real meaning of the statute. "The spirit of the statute must govern, and not its strict letter. The law does not require a useless and absurd thing." State ex rel. v. Rodecker, 145 Mo. 450. In Ex parte Marmaduke, 91 Mo. 254, the court said: "And it is justified by authorities which hold that the letter of a statute may be enlarged or restrained, according to the true intent of the framers of the law." Grimes v. Reynolds, 184 Mo. 688. Punctuation in a statute is, as a rule, no part of the statute itself and may be disregarded in the construction of it. 26 Am. & Eng. Ency. Law (2 Ed.) p. 631.

*Jesse W. Barrett,* Attorney-General, and *Henry Davis,* Assistant Attorney-General, for defendant.

A municipal township having the same boundaries as a special road district or any part of which is in-included in a special road district, may not incur an indebtedness for road improvement purposes or issue bonds therefor. Secs. 10747, 10748, 10749, 10750 and 10751, R. S. 1919.

DAVID E. BLAIR, J.—Original proceeding in mandamus to compel the State Auditor to register certain road bonds of Franklin Township in Howard County. Relators are the judges of the county court of said county. Upon the filing of the petition the following stipulation was entered into, to-wit:

"It is hereby stipulated and agreed that the issuance of the alternative writ of mandamus is waived and defendant enters his voluntary appearance herein, and it is agreed that the cause may be submitted to the court on the pleadings and the following facts:

"That more than twenty qualified voters of Franklin Township, Howard County, Missouri, presented a petition to the County Court of Howard County, asking that a proposition be submitted to the qualified voters of said township to issue twenty-five thousand dollars in bonds for road purposes; that said petition was in due form, was acted upon by the county court, and a special election called to vote on said proposition; that notice of said election was duly published for the length of time required by law, that said election was legally held and 479 votes were cast, and of these votes 462 were cast in favor of said proposition and 17 votes were cast against it.

"That part of said Franklin Township is contained in a special road district.

"That Franklin Township has existed as it is now for more than twenty-five years and has never issued any bonds for road purposes, nor did said special road district ever issue any bonds for road purposes or any other purpose.

"That said bonds were duly issued by said county court, which caused the same to be presented to the State Auditor for registration, and said State Auditor refused to register the same, claiming as his reason for so refusing that Section 10751, Revised Statutes 1919, prevented said township from issuing said bonds because part of it was contained in a special road district.

"This agreed statement of facts shall be taken, with

the consent of the court, as the return of the alternative writ.

"This stipulaton may be considered as and for defendant's answer and petitioners' reply, and the cause may be submitted to the court upon printed briefs, with or without oral arguments, as the court may direct."

It is unnecessary to set out the petition and answer. As appears from the foregoing stipulation the sole question for our consideration is whether or not Franklin Township had authority to incur an indebtedness for road purposes because of the fact that a part of said township, at the time such indebtedness was sought to be incurred, was included in a special road district. The answer to this question will be found in the proper construction of Section 10751, Revised Statutes 1919, which reads as follows:

"The four next preceding sections shall not apply to any township where the whole township or any part thereof is included in a special road district, nor to any special road district including the whole or a part of a township which has heretofore issued bonds for road purposes which remain unpaid."

Briefly, the "four next preceding sections" authorize the board of commissioners of a special road district of the county courts of the several counties to issue road bonds to an amount, including existing indebtedness, not exceeding ten per centum of the assessed valuation of the district or township as determined by the designated assessment. They provide the steps to be taken for calling an election to authorize such bond issue, the manner of giving notice thereof and of holding such election, the form of the official ballot, the qualifications of voters, the casting up of the vote, the character of the order to be made in case the proposition receives the necessary two-thirds vote, directions for selling the bonds, disposition of the proceeds, etc. No question is raised in this case concerning compliance by relators with all the provisions of said sections and the provisions thereof need not be set out in further detail.

It is the contention of relators that Section 10751, Revised Statutes 1919, as printed in said revision and as originally printed in Laws of 1917, at page 474 (Section 92), does not express the meaning intended to be conveyed by the Legislature. They contend that the comma after the word "district" at the end of the third line of said Section 10751 should be disregarded and the first clause of said section construed as if it read substantially as follows:

*The four next preceding sections shall not apply to any township where the whole township or any part thereof is included in a special road district which has heretofore issued bonds for road purposes which remain unpaid.*

Or in other words, that any township partly or wholly within a special road district may issue bonds for road purposes unless, at the time it seeks to incur such indebtedness, the special road district, of which it is a part, has outstanding road bonds. Neither Franklin Township nor the special road district of which it is a part has any outstanding road bonds.

Relators even contend that the use in said Section 10751 of the word "heretofore" by the Legislature was inadvertent, and does not express the real meaning of the Legislature. They contend that, unless the section is construed substantially as above indicated, discrimination against townships partly or wholly within a special road district will result, and that the Legislature clearly did not intend such discriminations when it appears from the whole act that it was making provision for the issuance of road bonds by all townships, as well as by all special road districts.

Our consideration of the question has convinced us that relators have entirely misconceived the intention of the Legislature, and that it intended to deny to townships partly or wholly within a special road district the right, power or authority to issue bonds for road purposes. A study of previous legislation and an understanding of the purpose of the Act of 1917, we think, removes all doubt upon the point.

It is apparent that the Forty-ninth General Assembly attempted to enact a comprehensive road and bridge law. The title of the act found at page 442 of the Laws of 1917 gives clear evidence of such intent. By section A. of the act a large number of previous enactments are repealed. The evident purpose of the enactment of 1917 was to clear away diverse and conflicting provisions of the various road and bridge laws, as far as possible, and re-enact them into one harmonious and comprehensive scheme. So successfully was this done that practically all of the sections of the first five articles of Chapter 98, Revised Statutes 1919, refer for their origin to the Laws of 1917 or enactments subsequently made in 1919.

One of the previous enactments repealed by Laws of 1917, page 442, was an act authorizing township road bonds and providing for the payment thereof with an emergency clause, found at page 366 of the Laws of 1911. The Act of 1911 is almost word for word like Sections 10747 to 10751, inclusive, with the exception that the wording is so arranged as to include special road districts as well as townships. It throws much light upon the question before us to note that Section 6 of the 1911 Act provided as follows:

"This act shall not apply to any township where the whole or a part thereof is included within a special road district organized under any law of this State."

Thus it is seen that in the previous act authorizing townships to vote bonds for road purposes the power to vote such bonds was expressly withheld from those townships wholly or partly within a special road district. Apparently all the Legislature of 1917 was attempting to do was to add special road districts to the provisions for townships made in 1911, and it found it easier to do this by repealing that law and enacting a new law covering the same subject-matter with the additional provision in respect to special road districts, than it would have been to have amended said 1911 Act. It re-enacted Section 6 of the 1911 act almost in exact words in Section 10751.

Thus understood, there is no occasion for construing Section 10751 as if the comma to which relators object had been omitted. The intention of the Legislature is clear. Apparently the comma was deliberately inserted. So was the word "heretofore," which relators must get rid of or change its meaning to secure the construction for which they contend.

That word has a most important function in the section. It clearly indicates the intention of the Legislature to deny to special road districts, which have taken within their boundaries the whole or part of the township which had issued bonds under the Act of 1911, the right to issue bonds for road purposes until the outstanding township road bonds are retired. The second clause of Section 10751 prevents double taxation for road-bond purposes within the whole or part of the township included in a special road district. The first clause continued the inhibition of the Act of 1911 against the issuance of road bonds by townships wholly or partly within a special road district and thus causing double taxation therein. Such townships did not previously have such authority, and the Legislature clearly expressed its intention to continue the denial to them of such authority.

It is sufficient for us that the Legislature has clearly provided that townshps wholly or partly within a special road district have no power to issue bonds for road purposes. The wisdom of such enactment was for the Legislature and is not for the courts. But a very good reason for such an enactment, outside the undesirable double taxation feature above discussed, is apparent. Special road districts often include several townships or parts of townships. Were it not for Section 10751, a single township, within or partly within the district, could readily defeat the will of the great majority of the voters in a special road district to vote bonds for needed road purposes by proceeding for itself to vote a small amount of township road bonds extending in duration the full period fixed by Section 10747, and thus tie up the

special road district and prevent proper and needed improvement of roads therein for many years.

It further seems apparent that while the Legislature intended to give townships, no part of which were contained in special road districts, the full right to vote bonds for road purposes, yet, whenever a special road district is organized and has taken in such township or part thereof, it intended to transfer to such special road district the management and control of road matters and the sole power thereafter to issue bonds for such purposes. The township is a political subdivison, organized for various governmental functions, while the special road district is a political subdivision created solely for the purpose of taking care of road maintenance and road construction problems within its boundaries. It is more fitting that all matters of voting bonds for road purposes should be committed to the special road district where it exists, and such apparently was the theory of the Legislature in enacting Section 10751.

We are satisfied the Legislature clearly expressed its meaning in enacting said Section 10751, Revised Statutes 1919, just as it is printed and that it meant to continue to deny to townships, wholly or partly within a special road district, the right to issue road bonds, which right it had so clearly and expressly denied in the Act of 1911. Since Franklin Township in Howard County is admitted to lie partly within a special road district, it follows that said township had no authority to issue the road bonds in question, and that the State Auditor was right in refusing to register the same.

By agreement of counsel, issuance of our alternative writ was waived. It follows from what we have said that the issuance of our peremptory writ should be denied. It is so ordered. All concur except *Ragland, J.,* not sitting.